IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEVORIS ANTOINE NEWSON,

    Plaintiff,

    v.                                           CASE NO. 17-3212-SAC

KRISTA BLAISDELL, STEVEN
HORNBAKER, WYATT CHARLSON,
and TONDA JONES HILL,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was a pretrial detainee at the Geary County Detention Center in Junction City, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff seeks release from custody, dismissal of his state court criminal case, Case No. 2017-cr-000387, and 25 million dollars for "pain and suffering, emotional trauma, loss of liberty, and freedom." Plaintiff sues the state court judge, the prosecuting attorney, defense counsel and a police officer involved in the underlying charges.

On May 7, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 11) ("MOSC"), ordering Plaintiff to show cause why this case should not be dismissed due to the deficiencies discussed in the MOSC. In the MOSC, the Court notes that Plaintiff's allegations in his Complaint involve his state criminal proceedings. *See* Case No. 2017-cr-000387, filed April 24, 2017, in Geary County District Court. At the time the Court entered the

1

MOSC, an online Kansas District Court Records Search indicated that Plaintiff's state court case was currently pending, and a preliminary hearing was scheduled for May 22, 2018.

Plaintiff has filed a response to the Court's MOSC, arguing that his state court criminal case has been "resolved" and is "no longer pending." (Doc.12.) An online Kansas District Court Records Search indicates that a plea and a global agreement on Plaintiff's state court cases (17-cr-797, 17-cr-527 and 17-cr-387) were entered on May 18, 2018, and a "Kansas Sentencing Guidelines Journal Entry of Judgment" was entered on May 21, 2018. A Plea Agreement and Waiver of Rights was also entered on May 21, 2018.

The Court's MOSC found that to the extent Plaintiff challenges the validity of his sentence or conviction, his federal claim must be presented in habeas corpus. However, a petition for habeas corpus is premature until Plaintiff has exhausted available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). The MOSC also states that if Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

Plaintiff's response merely states that his state criminal proceeding has concluded, but he does not address: 1) the *Heck* bar; or 2) the fact that a challenge to the validity of his sentence or conviction must be presented in habeas corpus after proper exhaustion. The Court will give Plaintiff an opportunity to show cause why his Complaint should not be dismissed as barred by *Heck*, or if Plaintiff is challenging his sentence or conviction, why his claim should not be presented in habeas corpus after full exhaustion of available state court remedies.

**Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **September 4, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 14th day of August, 2018.**

> <u>s/ Sam A. Crow</u>
> **Sam A. Crow**
> **U.S. Senior District Judge**