**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


**DEVORIS ANTOINE NEWSON,**

      **Plaintiff,**

      **v.**                           **CASE NO.  17-3212-SAC**

**KRISTA BLAISDELL, STEVEN
HORNBAKER, WYATT CHARLSON,
and TONDA JONES HILL,**

      **Defendants.**



**MEMORANDUM AND ORDER**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  At the time of filing, Plaintiff was a pretrial detainee at the Geary County Detention Center in Junction City, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  Plaintiff seeks release from custody, dismissal of his state court criminal case, Case No. 2017-cr-000387, and 25 million dollars for "pain and suffering, emotional trauma, loss of liberty, and freedom."  Plaintiff sues the state court judge, the prosecuting attorney, defense counsel and a police officer involved in the underlying charges.

On May 7, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 11) ("MOSC"), ordering Plaintiff to show cause why this case should not be dismissed due to the deficiencies discussed in the MOSC.  In the MOSC, the Court notes that Plaintiff's allegations in his Complaint involve his state criminal proceedings.  *See* Case No. 2017-cr-000387, filed April 24, 2017, in Geary County District Court.  At the time the Court entered the

MOSC, an online Kansas District Court Records Search indicated that Plaintiff's state court case was currently pending, and a preliminary hearing was scheduled for May 22, 2018.

Plaintiff filed a response to the Court's MOSC, arguing that his state court criminal case has been "resolved" and is "no longer pending." (Doc.12.) An online Kansas District Court Records Search indicates that a plea and a global agreement on Plaintiff's state court cases (17-cr-797, 17-cr-527 and 17-cr-387) were entered on May 18, 2018, and a "Kansas Sentencing Guidelines Journal Entry of Judgment" was entered on May 21, 2018. A Plea Agreement and Waiver of Rights was also entered on May 21, 2018.

The Court's MOSC found that to the extent Plaintiff challenges the validity of his sentence or conviction, his federal claim must be presented in habeas corpus. However, a petition for habeas corpus is premature until Plaintiff has exhausted available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). The MOSC also states that if Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

The Court entered a Memorandum and Order (Doc. 14) granting Plaintiff until September 4, 2018, to show cause why his Complaint should not be dismissed as barred by *Heck*, or if Plaintiff is challenging his sentence or conviction, why his claim should not be presented in habeas corpus after full exhaustion of available state court remedies. The Court's Memorandum and Order was mailed to Plaintiff at his current address of record and was returned as undeliverable, with a notation that Plaintiff was longer at the El Paso County Jail Annex. (Doc. 15.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address and failed to file a response to the Court's Memorandum and Order within the allowed time.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to respond to the Court's Memorandum and Order has passed without a response from Plaintiff. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated this 5th day of September, 2018, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**